```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM PALMER,

                        Plaintiffs,           04-CV-6299T

               v.                             DECISION
                                              and ORDER
ULTIMATE TECHNOLOGY, INC.,

                        Defendant.
_____
```

Plaintiff William Palmer ("Palmer") proceeding pro se, brings this action against his former employer Ultimate Technology, Inc., ("Ultimate Technology") pursuant to the Age Discrimination in Employment Act ("ADEA") claiming that the defendant unlawfully discriminated against him on the basis of his age. Specifically, Palmer contends that his employment was terminated as a result of his age, and that he was: (1) sexually harassed; (2) retaliated against for complaining of discrimination against himself and others; (3) denied promotions; and (4) was not provided reasonable accommodations with respect to his working conditions.

By motion dated November 11, 2004, defendant moves to dismiss plaintiff's claims of sexual harassment, failure to promote, failure to make reasonable accommodations, and retaliation on grounds that plaintiff has failed to exhaust such claims, or, in the alternative, for failure to state a claim. Because I find that plaintiff has failed to exhaust claims relating to alleged sexual harassment, and failure to accommodate, I grant defendant's motion

to dismiss those claims with prejudice. I further find that the plaintiff's claims regarding defendant's alleged failure to promote him and retaliation could be reasonably related to the discrimination allegations made in his Administrative Complaint, but that plaintiff has failed to state a claim for discrimination based on a failure to promote or retaliation, and accordingly I dismiss those claims without prejudice.

The ADEA provides that prior to bringing an action in federal court for age discrimination, a plaintiff must first file administrative charges against the parties that allegedly discriminated against him. 29 U.S.C. § 626(d). A district court lacks jurisdiction over claims which were not made in an administrative complaint or which are not reasonably related to allegations made in the administrative complaint. <u>Butts v. City of N.Y. Dept. of Housing</u>, 990 F.2d 963 (2nd Cir. 1984). A claim made in a federal action is considered reasonably related to a claim made in an administrative action if "the conduct complained of would fall within the 'scope of the [administrative] investigation which can reasonably be expected to grow out of the [administrative] charge . . . .'" <u>Fitzgerald v Henderson</u>, 251 F.3d 345, 359-60 (2nd Cir. 2001)(quoting <u>Cornwell v. Robinson</u>, 23 F.3d 694, 706 (2nd Cir. 1994)).

In the instant case, plaintiff's administrative complaint alleged that he was subjected to age discrimination, and that the defendant has a policy of discriminating against older employees. Palmer, who was proceeding pro se at the time, did not allege that he was subjected to sexual harassment, that he was denied reasonable job accommodations (a requirement which applies to claims of disability discrimination, not age discrimination), that he was denied any promotion, or that he was retaliated against for complaining of discrimination.  With respect to the claims for sexual harassment and failure to accommodate, those claims clearly do not relate to claims of age discrimination, and therefore must be dismissed for failure to exhaust administrative remedies.

Plaintiff's claims of retaliation and failure to promote, however, could be reasonably related to the age discrimination claims alleged in his administrative complaint, in that claims of retaliation and failure to promote could have been uncovered in an administrative investigation of his age discrimination claims. See, Butts, 990 F.2d at 1402-1403 (2nd Cir. 1993).  However, because plaintiff has failed to allege in his complaint the nature and circumstances of the retaliation, and has failed to identify any promotion that he sought and was denied, plaintiff has failed to state a claim for these alleged violations, and accordingly, these claims must be dismissed without prejudice to afford plaintiff an opportunity to plead such claims with more specificity.

For the reasons set forth above, I grant defendant's motion to dismiss plaintiff's claims of sexual harassment and failure to accommodate with prejudice. I grant defendant's motion to dismiss plaintiff's retaliation and failure to promote claims without prejudice. Should plaintiff wish to file an amended complaint to re-plead his claims for retaliation and failure to promote, plaintiff shall have 20 days from the date of this order in which to file such an amended complaint.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August  10 , 2005