```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM PALMER,

                    Plaintiff,              04-CV-6299T

          v.                                 DECISION
                                             and ORDER
ULTIMATE TECHNOLOGY, INC.,


                    Defendant.
_____
```

By motion dated November 24, 2005, William Palmer ("plaintiff") moved to amend his Complaint to reinstate a cause of action for sexual harassment against his former employer Ultimate Technology, Inc. ("Ultimate Technology" or "defendant"). By Order dated January 31, 2006, Magistrate Judge Jonathan W. Feldman denied plaintiff's motion to amend his Complaint to reinstate a claim for sexual harassment. Judge Feldman denied plaintiff's motion to amend on grounds that the sexual harassment claim was dismissed with prejudice by this Court on August 10, 2005, based on plaintiff's failure to exhaust his administrative remedies. Plaintiff filed a Notice of Appeal dated February 14, 2006 objecting to Judge Feldman's Order. However, plaintiff did not articulate any basis for objecting to the Magistrate's Order.

Plaintiff's appeal is denied. I held in my August 10, 2005 Decision and Order that plaintiff's claim for sexual harassment was dismissed with prejudice because plaintiff failed to raise a sexual harassment claim in his EEOC charge and thus failed to exhaust his administrative remedies. Judge Feldman determined that based on

-Page 2-

the "law of the case" principle, plaintiff could not be allowed to reinstate his cause of action for sexual harassment.  I agree.

## **CONCLUSION**

For the reasons set forth above, I affirm Judge Feldman's Order denying plaintiff leave to amend his complaint.

ALL OF THE ABOVE IS SO ORDERED.

                                      s/Michael A. Telesca
                                        Michael A. Telesca
                                  United States District Judge

DATED:    Rochester, New York
              October 4, 2006