UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM R. PALMER,

                      Plaintiff,            04-CV-6299

            v.                       **DECISION
                                               and ORDER**

ULTIMATE TECHNOLOGY, INC.,

                      Defendant.
_____

## INTRODUCTION

      *Pro Se* plaintiff William R. Palmer, ("Palmer"), brings this action pursuant to the Age Discrimination in Employment Act of 1967, ("ADEA")(codified at 29 U.S.C. § 621 et. seq.) claiming that defendant Ultimate Technology, Inc. ("Ultimate") discriminated against him on the basis of his age, and engaged in harassment, failure to promote, failure to provide reasonable accommodations, and retaliation. Specifically, Palmer, who was then 41 years of age, alleges that he was harassed by his supervisors and terminated from his employment because of his age. Palmer claims that because of Ultimate's actions, he suffered financial harm and emotional and physical stress.

      On August 10, 2005, Ultimate succeeded in its motion to dismiss all of the claims in Palmer's complaint, with the exception of the age discrimination claim. Both the parties have engaged in and concluded discovery with respect to Palmer's remaining age discrimination claim. On March 19, 2007, pursuant to Rule 56 of the

Federal Rules of Civil Procedure, Ultimate moved for summary judgment dismissing Palmer's claims on grounds that Palmer failed to state a *prima facie* case of discrimination, and he failed to rebut Ultimate's legitimate, non-discriminatory reason for terminating his employment. For the reasons set forth below, Ultimate's motion for summary judgment is granted, and Palmer's complaint is dismissed.

## BACKGROUND

Ultimate provides a host of product options and services throughout the entire point-of-sale ("POS") life cycle, including innovative solutions, deployment support, and management services for the retail industry. In addition to offering traditional computer workstation models, Ultimate also offers related peripheral products, such as customized keyboards and customer display devices, hand-held scanners, printers, and interactive kiosks.

Ultimate employed Palmer as a senior software engineer on August 19, 1996.[1] Palmer's primary responsibilities included designing and writing firmware codes that ran on a microprocessor embedded inside PC peripherals, such as custom programmable keyboards, magnetic card readers, and touch screens. In addition, Palmer was hired as an exempt employee and was expected to manage

---

[1]During the initial years of his employment, Palmer's work performance generally met expectations.

his own attendance and conform to Ultimate's regular work hours. Moreover, Palmer was placed under the direct supervision of Paul Wolf, who was later succeeded by Randall Hems.[2]

After a few years, both Wolf and Hems observed that Palmer's performance did not meet Ultimate's level of expectations. They also observed that during the latter half of his employment Palmer demonstrated an inability to plan, organize and manage projects in such a way as to meet commitments, and exhibited a poor pattern of attendance and unscheduled absences with little or no notice. Palmer received a "needs improvement" rating on his 2001, 2002 and 2003 evaluations and was subsequently placed on a performance improvement plan. Under the plan, Palmer initially showed improvement but was not able to sustain improved performance for any significant period of time. Regardless of being on notice regarding his performance, Palmer did not show any improvement while working on subsequent projects.

Palmer also continued to have difficulty conforming to regular work hours. Palmer does not dispute that he had difficulty conforming to a regular work schedule and prioritizing his projects. Palmer also acknowledges that he was put on notice regarding his absences from work. On November 13, 2003, in light of his alleged poor performance and his failure to show sustained

_____

[2]Paul Wolf is currently Vice President of Applications Engineering and chief Technology Officer for Ultimate. Prior to October 2002 he was Vice President of Engineering. Randall Hems is currently Vice President of Engineering for Ultimate.

improvement, Ultimate terminated Palmer's employment. This was similar to Ultimate's decision to terminate Brendan McDaniels, aged 24, and Terrence Sheeley, aged 27, both of whom were terminated for their poor performance in the year immediately preceding Palmer's termination. Palmer was terminated by the joint decision of three of Ultimate employees, who were in charge of management and two of whom were over the age of 40 years. Subsequently, Ultimate hired Mr. Mark Chapman, who was 44 years old, as a replacement for Palmer.

## DISCUSSION

### I.   Ultimate's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is

appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2d Cir. 1998).

Ultimate claims that there are no material issues of fact in dispute, and that as a matter of law, it is entitled to summary judgment. Ultimate argues that Palmer's employment was terminated not because of his age but because of his poor performance and his failure to show any sustained improvement. Ultimate also claims that as of March 31, 2006, 22 of its employees are over the age of 40 years.

## II. **Age Discrimination Claim**

To establish a claim for age discrimination under the ADEA, a plaintiff must first state a *prima facie* case. If he does so, the burden of production shifts to the defendant to set forth a legitimate, non-discriminatory reason for terminating the plaintiff. If the employer meets its burden of stating an age-neutral reason, then the plaintiff must present evidence sufficient to allow a rational trier of fact to infer that the employer was actually motivated in whole or in part by age discrimination. See Fisher v. Vassar Coll., 114 F.3d 1332 (2d Cir.)(en banc), cert. denied 1998 U.S. LEXIS 477 (1998); Grady v. Affiliated Cent. Inc., 130 F.3d 553 (2d Cir. 1997). The ultimate burden always rests with the plaintiff. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

### A. **Palmer has not established a *prima facie* case.**

To state a *prima facie* case for age discrimination under the ADEA, a plaintiff must satisfy the following four prongs: (1) he is in a protected category, (2) he was performing satisfactorily, (3) he suffered an adverse employment action, and (4) that the adverse employment action occurred under circumstances giving rise to an inference of age discrimination. Grady, 130 F.3d at 553.[3]

Palmer satisfies the first prong in that he is above the age of 40 years and Ultimate concedes to Palmer's membership in the protected class. Under the second prong, however, Palmer fails to satisfy the requirement of satisfactory work performance. As a senior software engineer in the software department, Palmer had various tasks with different priority levels. Palmer demonstrated an inability to plan and organize his time in such a way that would allow him to meet the deadlines imposed by Ultimate. This was exhibited by evaluations in 2001, 2002 and 2003 that rated Palmer's performance as "needing improvement." Additionally, both of Palmer's supervisors Wolf and Hems, informally counseled Palmer on ways to improve his performance in the workplace, however, Palmer's performance did not improve to a level that met Ultimate's expectations.

---

[3] Palmer relies on a fifth circuit case to list his four prong test. Because, the rulings of the second circuit are precedential in this court, this court relies on the second circuit case law to list its four prong test for a *prima facie* case.

Even though the evaluations, informal counseling and Palmer's suggested performance improvement plans, do not constitute adverse employment actions, Palmer's termination by Ultimate does constitute an adverse employment action and the third prong is satisfied. However, Palmer has failed to show circumstances that give rise to an inference of discrimination because Palmer's replacement was Mr. Mark Chapman, who was 44 years old at the time of his employment, and hence the fourth prong is satisfied. See McCarthy v. N.Y. Tech. Coll., 202 F.3d 161, 165 (2d Cir. 2000) (ruling that there is insufficient evidence to support a finding that the plaintiff was terminated due to his age, when the plaintiff is replaced by an older person).  I find that Palmer has not satisfied his burden of proof in claiming a *prima facie* case of age discrimination against Ultimate, because he has only satisfied two of the required four prongs to establish such a claim.

### B. **Ultimate did not engage in a pattern or practice of terminating employees over the age of 40 years.**

Palmer alleges that Ultimate engaged in a pattern or practice of terminating individuals over the age of 40. Palmer gives the examples of Warren "Terry" Lincoln and Robert Gusciora, who were allegedly terminated on account of their age. Lincoln was terminated at the age of 42 years and Gusciora was terminated at the age of 59 years.

However, Lincoln was terminated by Ultimate, after they discovered that Lincoln had utilized a computer program from the

internet to decrypt secure administrative passwords for Ultimate's servers. Lincoln's use of the decryption software represented gross misconduct which violated Ultimate's policies and procedures. Therefore, Lincoln's termination was not on the basis of his age. Similarly, Ultimate terminated Gusciora as part of their "reduction-in-force" and not due to his age. Under their "reduction-in-force" strategy, Ultimate also terminated Melissa Lukitsch, who was 34 years old and Wendy Van Grol-Wise who was 36 years old, at the same time as Gusciora's termination.

Ultimate's supervisors also state that in the year prior to Palmer's termination, two other individuals were terminated for their poor performance, both of whom were under the age of 40. This negates Palmer's allegation that Ultimate engaged in a pattern of terminating individuals over the age of 40. I find that Palmer has failed to establish that Ultimate has a pattern of terminating employees above the age of 40, because of their age and not because of their poor work performance, or Ultimate's administrative strategies, such as "reduction-in-force."

          **C. <u>Ultimate's decision to terminate Palmer was supported by legitimate, non-discriminatory reasons.</u>**

An employee asserting an ADEA claim first must establish a *prima facie* case, and once the employee has done so, the employer is required to offer a legitimate, nondiscriminatory business rationale for its actions; if the employer articulates such a reason, the employee has the burden of proving that age was the

real reason for the discharge. See Schnabel v. Ambramson, 232 F.3d 83, 87 (2d Cir. 2000). Even if Palmer had established a *prima facie* case, Ultimate's decision to terminate Palmer was supported by legitimate, non-discriminatory reasons.

Ultimate, through declarations by its employees, has shown that Palmer had a long history of poor performance, a lack of sustained improvement and poor attendance. The undisputed evidence supports such a finding, and Ultimate's decision to terminate Palmer was reasonable in light of his history of poor work performance and absences. There is no evidence that Ultimate had a discriminatory intent towards Palmer or that age was a motive for his termination. On the contrary, Ultimate made efforts to improve Palmer's work performance by providing performance improvement plans and informal counseling. Ultimate also provided evaluations putting Palmer on notice regarding his poor work performance.

I find that Palmer has not provided sufficient reasons to establish a claim of age discrimination and that Ultimate has successfully fulfilled its burden of providing legitimate, non-discriminatory reasons for Palmer's termination. Palmer's subjective belief regarding his termination does not have adequate evidentiary support. Further, Palmer has not provided sufficient evidence to allow a rational trier of fact to infer that Ultimate was actually motivated in whole or in part in its decision to

terminate Palmer because of his age and has therefore, not succeeded in fulfilling his required burden of proof.

## CONCLUSION

For the reasons set forth above, I grant Ultimate's motion for summary judgment, and dismiss Palmer's complaint in its entirety.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge


Dated:     Rochester, New York
           July 13, 2007